[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: HEARING IN DAMAGES
The plaintiff Cristwood Associates, Inc. seeks to recover damages from defendants Herman Taub and REAG I Limited Partnership for their breach of a contract to pay for materials and services furnished by the plaintiff for the renovation of a building. The defendants claim nothing is due. They contend that the parties should have established a guaranteed maximum price under the terms of their contract and, had they done so, the price would have been less than the amount the defendants have already paid. Alternatively, defendants claim the reasonable value of the work and materials which plaintiff furnished is less than what has already been paid. I have concluded that judgment should enter in favor of the plaintiff against the defendants in the amount of $585,277.00. CT Page 5005
The parties' contract provides for the payment of the plaintiff's cost and a fee of $140,000.00. When the plaintiff stopped working on the project, it had furnished work and materials with a value of $2,523,257.00. The defendants paid $2,078,000.00 to the plaintiff and various sub-contractors. Hence, the plaintiff is owed $585,257.00 for the unpaid cost and fee.
At the time the plaintiff ceased working on the project, the project was substantially completed. The plaintiff left the project because it realized it would no longer be paid.
The parties' contract provides for the establishment of a guaranteed maximum price. The parties, however, never established a guaranteed maximum price. Their failure to do so was in part attributable to the fast pace of construction. The project progressed in a rapid but piecemeal fashion. The construction documents were continuously changed. The establishment of a guaranteed maximum price was not a critical issue until the parties terminated their relationship.
I have considered the defendants' argument with respect to the architect establishing a guaranteed maximum price after the termination of the plaintiff's services. I have also considered the defendants' argument with respect to the value of the work and materials supplied to the plaintiff. I find the issues for the plaintiff.
I have concluded that the evidence does not show wrong doing or bad faith on the part of the defendants. Accordingly. I declined to award pre judgment interest to the plaintiff.
At the conclusion of the hearing in damages, a motion to reopen the default was filed. The motion is denied.
Judgment for the plaintiff to recover $585,277.00 from defendants Herman Taub and REAG I Limited Partnership.
THIM, JUDGE.